## SALLIE WILLIAMS *v.* ISAAC SCHWAB & CO.

APPROPRIATION OF PAYMENTS.  *Husband and wife.*

Where a husband and wife mortgage her estate to secure her own debt, and also a debt of the husband's, and remain in possession as tenants of the mortgagee, paying a stipulated rent, the payments, in the absence of an application by the mortgagors, will be by law applied first to the husband's debt, although it binds only the income, while the wife's debt binds the *corpus* of the estate.

APPEAL from the Chancery Court of Chickasaw County. Hon. LAFAYETTE HAUGHTON, Chancellor.

A statement of the case appears in the opinion of the court.

*W. J. Lacey*, for the appellant.

The pretended conveyance is simply a mortgage, and only binds the income of Mrs. Williams's estate. But if the *corpus* of her estate is bound for the debt paid off by Schwab & Co., then she is entitled to have the rents of the property first applied to the extinguishment of this debt. Because, first, it is her own debt, and as to the other debt, her husband's, she is only secondarily liable ; and, secondly, it is the most onerous, and she has the right to have it discharged first by application of the rents, thus relieving the *corpus* of her estate. 7 Smed. & M. 699 ; 48 Miss. 175.

*Nugent & McWillie*, on the same side.

*Buchanan & Houston*, for the appellees.

The cases cited indicating the rule as to the application of payments are not applicable. The mortgagees had the right to apply the rents to either portion of the debt. By the statute, the rents, in such cases, are expressly confined to the debts due from the husband.

*W. T. Houston*, of counsel for the appellees, argued the case orally.

CHALMERS, J., delivered the opinion of the court.

The facts presenting the only vital question in this case may be thus epitomized : —

Schwab & Co., at the request of Mrs. Williams, a *feme covert*, paid off a debt due by her upon her separate property, said property consisting of a storehouse in the town of Okalona. The husband of Mrs. Williams being indebted to Schwab & Co., and desiring to obtain further supplies, Mrs. Williams executed to them a deed to the storehouse, absolute on its face, but intended to operate as a mortgage for the security of these debts, — both that due from herself and those due from her husband. The husband and wife, after the execution of the deed, rented the house from the mortgagees at a stipulated sum, and portions of the rent were paid.

After some years, litigation ensued between the parties, which resulted in a decree adjudging the absolute deed to be a mortgage, and directing a foreclosure by sale.

In the account stated by the commissioner, preceding the decree, the rents of the property paid during the time it was occupied by the mortgagors as tenants of the mortgagees were applied as credits upon the debt due by the husband, leaving that due by the wife wholly unpaid. From the decree rendered on this basis the wife appeals, claiming that said rents should have been applied to the debt due by herself; because, that being a debt which bound the *corpus* of the property, while the husband's bound only the income, the former was the most onerous, and, therefore, under the well-settled rule of this court applying all payments, in the absence of a specific application by the parties, most beneficially to the debtor, it should have received the credits.

Of the general correctness of this rule there can be no doubt; but this case presents peculiar features. By the mortgage two debts were secured, both held by the same party, one of which bound the *corpus* of the property, the other the income only. It was just as if Mrs. Williams had said upon the face of the paper, " I hereby pledge to you, for the satisfaction of my own debt, this storehouse and lot, and for the satisfaction of my husband's debt I pledge the rent of the same.'' These stipulations are by law impressed upon the instrument. When, therefore, the rents come into the hands of the mortgagee, he has a right to apply them to the husband's debt; and if no particular application has been made, as seems to have been the case here, the law will so apply them, because that is the legal effect of the contract between the parties. It is the rents, and nothing else, which were mortgaged for the husband's debt, and not to apply them is to nullify that much of the instrument.

It is to be observed that both debts are here due to the same party. If held by different persons, under separate instruments, many interesting complications might arise, not necessary now to be considered.

Affirmed.